IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAOUL BARRIE CLYMER               :            CIVIL ACTION
                                  :
       v.                         :            NO. 03-3563
                                  :
DIRECTOR MARSHA COMBINE et al.    :


**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                    **November 30, 2005**

Raoul Clymer[1] objects to the Report of a Magistrate Judge recommending dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254,[2] alleging ineffective assistance of counsel and a violation of the process due under the Fourteenth Amendment. After a careful and independent review pursuant to 28 U.S.C. § 636, this Court will dismiss Clymer's petition even

---

[1] At the time of filing his Petition for Writ of Habeas Corpus Clymer was incarcerated at State Correctional Institution Mercer in Pennsylvania. He has since been released.

[2] **28 U.S.C. § 2254. State custody; remedies in Federal courts**
    **(a)** The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
    **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
        **(A)** the applicant has exhausted the remedies available in the courts of the State; or
        **(B)(i)** there is an absence of available State corrective process; or
        **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant . . .

1

though he was denied a fair opportunity to seek relief under the state Post Conviction Collateral Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.*, because none of his PCRA claims has merit.

Clymer is accused of hiring Daniel Parry to drive a Ford LTD from Arizona to Pennsylvania with 120 pounds of marijuana in the trunk.  On November 3, 1994, a Missouri Highway Patrol Officer stopped Parry, who consented to a search of the vehicle.  After the marijuana was found in the trunk and after further interviews with the police, Parry agreed to cooperate with an investigation. Parry covered the remaining distance from Missouri to Pennsylvania in the company of Missouri state troopers and then investigators from the Pennsylvania Attorney General's office.  Parry agreed to wear a "wire" when he delivered the marijuana to Clymer in Quakertown, Pennsylvania.  Clymer was arrested before he took control of the marijuana.

Parry testified against Clymer and a jury convicted Clymer of criminal conspiracy[3] and drug offenses.[4]  On April 21, 1995, he was sentenced to five to ten years' incarceration and fined $50,000 and costs.  The Pennsylvania Superior Court affirmed his judgment of sentence on March 7, 1996. The Pennsylvania Supreme Court denied Clymer's petition for allowance of appeal on December 9, 1996.  *Commonwealth v. Clymer*, 687 A.2d 376 (Pa. 1996) (table).

On January 15, 1997, Clymer filed a "Motion for a New Trial," on grounds he learned in April, 1996, after trial, Parry was not charged in Missouri.  Clymer cited several instances during his trial when the prosecutor and the defense attorney referred to the charges Parry would be facing when he returned to Missouri.  The trial court held a hearing on Clymer's motion on May 2, 1997, and

---

[3] 18 Pa.C.S. § 903.

[4] 35 P.S. § 780-113(a)(16), possession of a controlled substance; and, possession with intent to deliver, 35 P.S. § 780-113(a)(30).

then, more than a month after the hearing, appointed the public defender's office to represent Clymer.  On June 25, 1997, the court gave the public defender ninety days to brief the issue.  Three weeks later,  Clymer filed his own brief with the court.  The public defender filed no brief.  On November 6, 1997, the court denied the motion.  The public defender filed a timely appeal on December 5, 1997.   In September, 1998, the Superior Court affirmed the trial court's order and characterized the motion for a new trial as a PCRA petition. *Commonwealth v. Clymer*, 731 A.2d 192 (Pa. Super. 1998) (table).  The Pennsylvania Supreme Court denied permission to appeal on June 3, 1999.  *Commonwealth v. Clymer,* 739 A.2d 540 (Pa. 1999) (table).

The May 2, 1997 hearing is the root of Clymer's procedural difficulties.  Clymer told the trial court judge at that hearing he had intentionally filed his motion as one under Pennsylvania Rule of Criminal Procedure 1410 asking for a new trial on the basis of after-discovered evidence.  Clymer stated, if the motion were being treated as a PCRA, "I would request a continuance with appointment of counsel to amend the PCRA, because I have quite a few other issues to be addressed that I do not wish to waive." Hr'g. Tr.  2:5-9, May 2, 1997.  The trial court replied, "[i]t's not a PCRA pleading. I will not advise you, however, what the implication of this pleading may be in terms of subsequent relief." Hr'g. Tr.  3:22-24, May 2, 1997.

The trial court in its memorandum and order of November 6, 1997 treated the motion as a post-trial motion.  The Pennsylvania Superior Court *sua sponte* held "it is actually a petition for post-conviction relief subject to the provisions of the Post Conviction Collateral Relief (PCRA), 42 Pa.C.S. § 9541-9546."  *Commonwealth v. Clymer*, No. 5011 PHL 1997, slip op. at 1 (Super. Ct. Sept. 16, 1998).

Because Clymer's subsequent PCRA petitions[5] were dismissed without consideration on the merits as second PCRA petitions, Clymer suffered harm when the trial court failed to grant a continuance to allow Clymer to file a full PCRA petition.

On July 9, 1999, during pendency of state court proceedings, Clymer filed a Petition for Writ of Habeas Corpus[6] in federal court. Clymer's federal habeas petition was denied without

---

[5]Clymer had until March 8, 1998 to file a timely PCRA petition because his judgment of sentence became final on March 9, 1997, ninety days after the state Supreme Court denied allocatur. Less than two weeks after appealing the denial of his motion for a new trial, Clymer filed a PCRA petition on December 17, 1997, alleging sixteen instances of ineffective assistance of trial counsel and five instances of ineffective assistance of appeal counsel for his direct appeal in 1996. The trial court again appointed counsel. In February, 1998, Clymer filed motions to proceed *pro se*, for the recusal of the trial court judge and to stay his PCRA. The trial court denied the motion to stay and for recusal and granted the motion to proceed *pro se*. The trial court held a hearing on March 27, 1998 with appointed counsel serving as stand-by counsel.

The trial court denied Clymer's second PCRA on January 27, 2000, and Clymer appealed on February 23, 2000. The Superior Court affirmed on December 12, 2000, holding the court lacked jurisdiction to entertain Petitioner's second PCRA while the first PCRA was on appeal. *Commonwealth v. Clymer*, 769 A.2d 1201 (Pa. Super. 2000) (table). On March 20, 2001, Petitioner filed, *pro se,* a Motion for Evidentiary Hearing in the trial court. That hearing was held on May 17, 2002, in which Clymer's new counsel, Cheryl J. Sturm, argued Clymer never had a full, fair, and counseled PCRA action and, accordingly, his Motion for Evidentiary Hearing should be treated as a "first" counseled PCRA action. The court rejected Clymer's argument on August 2, 2002, and the Superior Court affirmed. *Commonwealth v. Clymer*, 829 A.2d 355 (Pa. Super. 2003) (table).

[6]Clymer's petition for habeas was timely under the one-year statute of limitations of Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, codified in relevant part at 28 U.S.C. § 2244(d)(1)(A):

**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

. . .

A properly filed PCRA petition tolls AEDPA's time-bar for the period during which the petition is pending. 28 U.S.C. § 2244(d)(2). Because Clymer filed his first motion for a new trial before his state court judgment became final under Section 2244(d)(1)(A), the time bar was tolled until the conclusion of the proceedings on his motion, June 3, 1999. Clymer petitioned this Court for a writ of habeas corpus thirty-six days later, well-within the AEDPA limit.

prejudice on October 30, 2000 because state court PCRA litigation was ongoing.  Clymer appealed

and the Third Circuit remanded the case to this Court, which again dismissed the petition without

prejudice due to ongoing state proceedings in August, 2002.

The Superior Court affirmed the trial court's decision denying Petitioner's request to file a

third[7] PCRA on May 9, 2003. Petitioner promptly re-filed his federal habeas petition on June 9,

2003, claiming ineffective assistance of counsel in violation of the Sixth Amendment and a violation

of the Fourteenth Amendment's due process and equal protection clauses.

Clymer did not raise either of his claims in his motion for a new trial, but he did raise both

claims in his first PCRA petition which the Superior Court rejected as a second PCRA petition.  A

district court may only consider claims for which state remedies are exhausted. 28 U.S.C. §

2254(b)(1).[8]  Under 28 U.S.C. § 2254(c), such a petitioner "shall not be deemed to have exhausted

---

Clymer's petition was dismissed, rather than stayed, before the Third Circuit decided *Crews v. Horn*, 360 F.3d 146, 154 (3d Cir. 2004) (holding "district courts have the discretion to stay mixed habeas corpus petitions but that, as in this case, when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action.").  This Court may equitably toll AEDPA's statute of limitations when "principles of equity would make [the] rigid application [of a limitation period] unfair. *Miller v. N. J. State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998) (alteration in original) (citation omitted). Generally, this will only occur (1) "when the petitioner has in some extraordinary way been prevented from asserting his or her rights;" and (2) if the petitioner has shown "he or she exercised reasonable diligence in investigating and bringing the claims." *Id.* at 618-19 (citations omitted).  Clymer's zealous pursuit of legal remedies has been, at the least, diligent.  Thus, I find Clymer's habeas petition timely under AEDPA.

[7]Clymer's impatience with the pace of judicial proceedings led to a complicated braid of state and federal filings.  Clymer has tried to file three petitions for Post Conviction Collateral Relief (PCRA), 42 Pa.C.S. § 9541 *et seq.*,  and two petitions for writ of habeas corpus.  Clymer's first habeas was filed prematurely during the pendency of state proceedings and dismissed without prejudice. It was only in his procedurally defaulted PCRA petition that Clymer raised the issues presented here in his renewed habeas petition.

[8]Section 2254(b)(1) provides "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the

the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." The Supreme Court held "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999)*.* The Supreme Court stated, "we ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts." *Id.* at 848.

The Superior Court foreclosed a fair hearing of Clymer's Sixth and Fourteenth Amendment claims when it deemed his motion for a new trial a PCRA petition because it created a situation in which Clymer waived the claims. Clymer did not challenge effectiveness of his counsel or raise his due process claims in his first state PCRA petition. Under Pennsylvania law, claims not raised in a first PCRA petition are waived. An allegation is deemed waived "if the petitioner could have raised it but failed to do so before trial, at trial, on appeal or in a prior state post-conviction proceeding." 42 Pa.C.S. § 9544(b). The relaxed waiver rule no longer applies to PCRA appeals, *Commonwealth v. Albrecht*, 720 A.2d 693 (Pa. 1998); therefore, any waived claims are beyond review in state court. *Commonwealth. v. Jones*, 876 A.2d 380, 384 (Pa. 2005). Clymer's claims are, therefore, unexhausted. 28 U.S.C. § 2254(b)(1).

Clymer cannot overcome the question of waiver because further state-court review of Clymer's claims is foreclosed by the PCRA's one-year requirement. 42 Pa.C.S. § 9545. Any subsequent PCRA petition would be untimely unless he could plead and prove interference by government officials, newly-discovered facts or a new constitutional right which applied

applicant has exhausted the remedies available in the courts of the State."

6

retroactively.  42 Pa.C.S. § 9545(b)(i)-(iii).  Clymer has not argued any of the exceptions to the time-bar.  The one-year limitation is jurisdictional, precludes consideration of the merits of any untimely PCRA petition, and is strictly enforced.  *Whitney v. Horn*, 280 F.3d 240, 251 (3d Cir. 2002). These claims are, therefore, procedurally defaulted.  *Id.*  When a claim is procedurally defaulted, the claim may be entertained in a federal habeas petition only if a petitioner can show "cause" for the procedural default and "prejudice," or that a "fundamental miscarriage of justice" would result. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *see also Wenger v. Frank*, 266 F.3d 218, 223-24 (3d Cir. 2001).

A federal judge may issue a writ of habeas corpus freeing a state prisoner, if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  The judge may not issue the writ if an adequate and independent state-law ground justifies the prisoner's detention, regardless of the federal claim.  *Edwards* at 454-55 ( Breyer, J., concurring). A state procedural rule provides an independent and adequate basis for precluding federal habeas review of state prisoner's claims only when: (1) the state procedural rule speaks in unmistakable terms, (2) all state appellate courts refused to review petitioner's claims on the merits, (3) the state courts' refusal of review is consistent with other decisions; and, (4) the state rule is consistently and regularly applied.  *Szuchon v. Lehmon,* 273 F.3d 299, 325-26 (3d Cir. 2001), citing *Doctor v. Walters,* 96 F.3d 675 (3d Cir. 1996).

Clymer presents a persuasive, but ultimately unavailing, argument for "cause" and "prejudice" sufficient to warrant granting his writ.  Clymer's Motion for a New Trial, pursuant to the then-numbered Rule 1410, was properly filed.  The ten-day time limit to challenge a judgment of sentence of Rule 1410 does not apply to motions based on after-discovered evidence.  The Rule

for after-discovered evidence only requires the motion be filed "promptly after such discovery." Pa. R. Crim. P. 1410(C) (1997).

Clymer alleges he learned in April, 1996 Missouri filed no charges against Parry. He avers he promptly asked his trial attorney to file a motion for a new trial based on after-discovered evidence. His trial attorney did not file the motion; Clymer filed the motion *pro se* in January, 1997. The trial court would not have jurisdiction to hear the motion until after December 9, 1996, when the state Supreme Court denied allocatur in his direct appeal. Pa. R. Crim. P. 1410(C) (1997). Clymer's motion in January fulfills the requirement that a motion be filed "promptly."

A claim for relief based on after-discovered evidence is cognizable either as a direct request for a new trial or collaterally under the PCRA. *Commonwealth v. D'Amato*, 856 A.2d 806, 827-28 (Pa. 2004). The standard for relief is more stringent under the PCRA than it is on direct appeal. Under the PCRA, a petitioner must plead and prove his conviction or sentence resulted from "[t]he unavailability at the time of trial of **exculpatory** evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi) (emphasis added); *see also Commonwealth v. Bond*, 819 A.2d 33, 49-50 (2002) (affidavit of allegedly recanting witness provided no basis for PCRA relief on after-discovered evidence claim where statement merely asserted witness had "no knowledge" of crime and thus was not exculpatory). On direct request, there is no requirement the after-discovered evidence be in itself exculpatory. In order to be granted a new trial based on after-discovered evidence, appellant must show the evidence: (1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence, (2) is not merely corroborative or cumulative, (3) will not be used solely to impeach the credibility of a witness, and,

8

(4) is of such nature and character that a different verdict will likely result if a new trial is granted. *Commonwealth v. Randolph*, 873 A.2d 1277, 1283 (Pa. 2005).

The trial court denied Clymer's Motion for a New Trial under Rule 1410 on adequate and independent state grounds. The information Parry was not, in the end, charged in Missouri was not available during Clymer's trial, but it would only have served to impeach Parry and would not have changed the outcome of the trial. The trial court properly denied Clymer's Rule 1410 motion.

Clymer can make no constitutional argument he was entitled to counsel during the hearing on his Rule 1410 motion. Collateral proceedings are not of constitutional moment. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). In fact, the court appointed counsel for the briefing of Clymer's Rule 1410 motion. Clymer elected to file his own brief rather than allow appointed counsel to proceed. Nothing in the proceedings regarding Clymer's motion for a new trial based on after-discovered evidence warrants a grant of a writ of habeas corpus.

The decision of the Superior Court to treat Clymer's Rule 1410 motion as a petition under the PCRA is another matter. Clymer argues he is entitled to a "full, fair, and counseled PCRA action." A collateral challenge is uniformly available to Pennsylvania prisoners who do not sleep on their rights. 42 Pa.C.S. § 9541 *et seq.* Pennsylvania affords a statutory but not constitutional right to counsel under the PCRA. *Commonwealth v. Priovolos*, 715 A.2d 420, 421-22 (Pa. 1998) (holding there is no constitutional right to counsel in collateral proceedings but there is a rule-based right to counsel for a first PCRA petition).

Clymer was at the time of filing his habeas a Pennsylvania prisoner who was deprived of an opportunity to file a first PCRA petition by the Pennsylvania Superior Court which deemed a motion under then Rule 1410 a PCRA petition under 42 Pa.C.S. § 9541 *et seq.* That ruling, which was at

9

odds with established Pennsylvania law, deprived Clymer of due process of law under the Fourteenth Amendment.

This Court, however, may only grant or deny a writ of habeas corpus; it is without power to remand to allow Clymer to file a PCRA petition. The "unique purpose of habeas corpus" is "to release the applicant for the writ from unlawful confinement." *Allen v. McCurry*, 449 U.S. 90, 98 n.12 (1980). When a writ is granted, this Court may impose delaying conditions but may not change a state court judgment. *Henderson v. Frank*, 155 F.3d 159, 168 (3d Cir. 1998).

The record before this Court, including Clymer's petition and a hearing on March 27, 1998, is sufficient to consider the twenty-five questions[9] Clymer raised in the PCRA petition the state courts dismissed without considering the merits. Because none of the issues has merit, none creates a confinement which is unlawful. *Allen*, 449 U.S. at 98 n.12.

Clymer raises sixteen instances in which he argues his trial counsel was ineffective. An ineffective assistance of counsel claim under *Strickland,*[10] is analyzed in two steps: first, is the

_____

[9] I am reminded of the words of the Honorable Ruggero J. Aldisert of the United States Court of Appeals for the Third Circuit:

> With a decade and a half of federal appellate court experience behind me, I can say that even when we reverse a trial court it is rare that a brief successfully demonstrates that the trial court committed more than one or two reversible errors. I have said in open court that when I read an appellant's brief that contains ten or twelve points, a presumption arises that there is no merit to **any** of them . . . [and] it is [this] presumption . . . that reduces the effectiveness of appellate advocacy.

Aldisert, The Appellate Bar: Professional Competence and Professional Responsibility-A View From the Jaundiced Eye of the Appellate Judge, 11 Cap. U. L. Rev. 445, 458 (1982) (emphasis in original).

[10] *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court established a three-prong test to analyze ineffective assistance of counsel claims. 466 U.S. at 687. The defendant must show counsel's performance was deficient, without strategic or reasonable basis, and the deficiency prejudiced the defendant. *Strickland*, 466 U.S. at 697.

underlying claim of arguable merit, and, if so, whether there was some reasonable basis for counsel's action designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney*, 235 A.2d 349, 352 (Pa. 1967) (holding "our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had [s]ome reasonable basis designed to effectuate his client's interests"). The PCRA requires a petitioner to "plead and prove by the preponderance of the evidence . . . the conviction or sentence resulted from . . . [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). The PCRA petitioner must plead and prove (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and, (3) the petitioner suffered prejudice as a result of counsel's deficient performance. *Commonwealth v. McGill*, 832 A.2d 1014, 1020 (Pa. 2003) (citing *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001).)

Clymer's first claim of ineffective assistance of counsel, a demand for a interlocutory appeal challenging jurisdiction, is without merit. Jurisdiction in criminal matters in Pennsylvania is countywide. *Commonwealth v. Nichelson*, 440 A.2d 545, 549 (Pa. Super. 1982). A court has jurisdiction if the act charged occurred in the county where the defendant is tried. *Commonwealth v. Firestone*, 385 A.2d 489, 490 (Pa. Super. 1978). For a county to take jurisdiction over a criminal case, some overt act involved in that crime must have occurred within that county. *Commonwealth. v. McPhail*, 692 A.2d 139, 142 (Pa. 1997). Clymer's trial attorney testified he was denied trial court permission to take an interlocutory appeal

Clymer made contact with Parry with the intent of taking delivery of the trunkload of marijuana. In a conspiracy, the acts of one conspirator are attributed to all conspirators. The

11

agreement among co-conspirators is the nexus which makes each member criminally responsible for acts of the others in furtherance of the conspiracy. *Commonwealth v. Dolfi*, 396 A.2d 635, 637 (1979). Because an overt act in furtherance of the conspiracy occurred in Bucks County and the acts of Parry are attributed to Clymer, jurisdiction was proper in Bucks County.

Clymer's second claim of ineffective assistance of counsel comes from the failure of counsel to ask the trial judge to recuse himself after the suppression hearing. Recusal is the peculiar province of, and personal to, the judge. *Commonwealth v. King*, 839 A.2d 237, 241 (Pa. 2003). Recusal is required only if substantial doubt as to the judge's ability to preside impartially has been demonstrated and an argument for recusal grounded only on the assertion that a trial judge was involved in a pre-trial proceeding is insufficient. *Commonwealth v. Reyes*, 870 A.2d 888, 897-98 (Pa. 2005); *see also Commonwealth v. Boyle*, 447 A.2d 250, 252 (Pa. 1982) (holding "[t]he mere participation by the presiding judge in an earlier stage of the proceeding neither suggests the existence of actual impropriety nor provides a basis for a finding of the appearance of impropriety."). Clymer's second issue would have no merit. Counsel is not ineffective for failing to raise baseless issues. *Commonwealth v. Wilkerson*, 416 A.2d 477, 479 (Pa. 1980).

Clymer bases his third claim of ineffective assistance of counsel on the failure of counsel to conduct the investigation Clymer directed. For counsel to be deemed ineffective for failing to pursue an investigation, Clymer must allege a benefit that could have resulted from the investigation. *Commonwealth v. Wallace*, 433 A.2d 856, 858 (1981). The burden rests with Clymer to describe the evidence which would have been uncovered; this he did not do. *Commonwealth v. Nelson*, 465 A.2d 1056, 1060 (Pa. Super. 1983) (denying relief when there was no evidence counsel did not conduct an investigation of witnesses or determine the validity of defendant's alibi). Clymer fails to suggests avenues of evidence which counsel failed to investigate; thus, his third claim fails.

Clymer believes he received ineffective assistance of counsel when his trial counsel refused to subpoena witnesses Clymer says would have impeached Parry's testimony. Clymer offered only his own uncorroborated statements regarding the witnesses he claimed would have impeached Parry. The PCRA provides any witness statement not under oath is inadmissible.[11] 42 Pa.C.S. §9545(d)(1). Clymer claimed at the March 27, 1998 hearing several witnesses would have testified Parry apologized to Clymer, Parry worked for Clymer, Clymer rented Parry's apartment for him, Parry made claims of criminal connections and Clymer's uncle filed a complaint against Parry for stealing a mower. None of the testimony, even taking it as true and admissible, would serve to sufficiently impeach Parry's testimony to change the outcome of the trial. Clymer's trial attorney testified he rejected some of the testimony for strategic reasons. Clymer's fourth claim fails.

The fifth instance of ineffective assistance of counsel Clymer raises involves Parry's criminal history and an allegedly outstanding warrant. The trial transcript reflects close questioning of Parry about charges he was facing and an unsuccessful attempt by counsel to persuade the trial judge information on a mower missing in North Carolina was admissible. Clymer's fifth claim fails in the face of the facts.

Clymer claims in his sixth instance counsel was ineffective for refusing to allow Clymer to testify on his own behalf. Clymer's counsel testified the decision not to call Clymer was a joint one made in consultation for strategic reasons. The trial transcript reflects no colloquy with Clymer on his right to testify, nor does it reflect a demand by Clymer to testify. Since trial counsel is presumed

---

[11]42 Pa.C.S. § 9545(d) Evidentiary hearing.--

(1) Where a petitioner requests an evidentiary hearing, the petition shall include a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony. Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible.

effective, Clymer must point to more than a recollection that he wanted to testify. *Commonwealth v. Gribble*, 863 A.2d 455, 473 (Pa. 2004). His sixth issue fails.

Counsel failed to call witnesses who were present at trial, Clymer alleges in his seventh claim. "A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy." *Commonwealth v. Auker*, 681 A.2d 1305, 1319 (Pa. 1996). Once again the PCRA requires Clymer to present more than bald claims to overcome the presumption of effectiveness and to comply with the statute.

Clymer would like to have asked Parry specific questions and believes trial counsel's failure to do so was ineffective. Questions to witnesses are a matter of trial strategy not open to second guessing on collateral appeal. *Commonwealth v. Sabal*, 431 A.2d 261, 263 (Pa. 1981). Clymer's eighth claim is without basis.

A jury instruction regarding overt acts would not have benefitted Clymer; thus, his tenth claim of ineffective assistance of counsel is without merit. The only definition of overt act in the Pennsylvania Suggested Standard Jury Instructions provides "to complete the conspiracy, one of the conspirators must commit what the law calls an overt act. An overt act is an act by any member of the conspiracy that would serve to further the goal of the conspiracy." PSSCJI 15.2502B. Parry's testimony amply illustrated Clymer's overt acts. The issue is without merit.

In his eleventh point, Clymer disagrees with trial counsel's trial strategy. Counsel will not be deemed ineffective for pursuing an ultimately unsuccessful trial strategy. *Pierce*, 786 A.2d at 213.

Clymer believes had the jury known the Missouri charges against Parry were to be dropped, it would have changed the outcome of the trial and counsel was ineffective for failing to investigate. This, Clymer's twelfth point, is the only one the court addressed on its merits post-trial. The failure to prosecute Parry in Missouri was the sum and substance of Clymer's Rule 1410 motion. A hearing

14

was held on the issue, the trial court's decision not to grant a new trial based on the evidence was affirmed by the Superior Court and not heard by the Supreme Court.  Issues fully litigated are not open to challenge under the PCRA.  Clymer suffered no harm when he was prevented from raising this issue in his subsequent PCRA petition.

Clymer's thirteenth claim arises from the failure of trial counsel to file a reply brief, contesting the Commonwealth's statement regarding title of the automobile used to transport the marijuana from Arizona to Pennsylvania.  Trial counsel testified, and this Court agrees, the issue was of no significance on appeal.  Counsel will not be faulted for failing to perform a baseless act.  *Wilkerson*, 416 A.2d at 479.

Clymer complains in his fourteenth claim counsel refused to file a motion for a new trial based on newly-discovered evidence.  Clymer filed the motion himself; it was rejected as without basis.  Counsel is not required to file frivolous petitions.  *Wilkerson*, 416 A.2d at 479.

Clymer believes his counsel was ineffective for failing to challenge the Attorney General's authority to investigate the crime and to wire Parry for sound. Pennsylvania's wire tap statute[12] allows tape recording without court permission if one party to the conversation consents. 18 Pa.C.S. §5704(2)(ii);[13] *see also Commonwealth v. Rekasie*,  778 A.2d 624, 626 (2001) (holding the trial court

---

[12] The Wiretapping and Electronics Surveillance Control Act, Act of October 21, P.L. 1000, No. 115, Section 1 *et seq.*, codified at 18 Pa.C.S. §§ 5701-5727.

[13] 18 Pa.C.S. § 5704. Exceptions to prohibition of interception and disclosure of communications
It shall not be unlawful and no prior court approval shall be required under this chapter for:
. . .

    (2) Any investigative or law enforcement officer or any person acting at the direction or request of an investigative or law enforcement officer to intercept a wire, electronic or oral communication involving suspected criminal activities, including, but not limited to, the crimes enumerated in section 5708 (relating to order authorizing interception of wire, electronic or oral communications), where:

. . .

erred in suppressing consensual wire taps).   Parry consented; Clymer's fifteenth challenge fails.

Finally, Clymer is aggrieved counsel failed to challenge his sentence.  Clymer's sentence of five to ten years is within the statutory maximum for conviction on four counts.  Any challenge was doomed to failure and, so, unnecessary.   *Wilkerson*, 416 A.2 at 479.

In a properly layered claim, Clymer raised five issues of appellate counsel's ineffectiveness. The issues fall into two categories, those too vague to be addressed,[14] and those concerning the wire which Parry wore during their encounter in Bucks County.  Clymer misunderstands the application of Pennsylvania wire tap laws.  Although it is true a true wire tap by law enforcement requires the approval of a judge of the Superior Court, recording with consent of one of the parties requires only review by the Attorney General or district attorney.  18 Pa.C.S. § 5704(2)(ii).  All of Clymer's claims of ineffectiveness of appellate counsel are without basis and would not entitle him to a new trial.

Clymer has also re-clothed four of his issues of ineffective assistance of counsel as constitutional claims in his PCRA petition: the failure of the court to make a jurisdiction determination before trial, claimed misstatements in the Commonwealth's brief on appeal, the denial of ineffective assistance of counsel,  and, the deprivation of a fair trial.  The constitutional overlay does not imbue merit where none existed before.  Each of the issues fails to provide grounds for grant of a writ.

Because none of Clymer's issues suggests Clymer's trial was so flawed his continued detention

---

(ii) one of the parties to the communication has given prior consent to such interception.  However, no interception under this paragraph shall be made unless the Attorney General or a deputy attorney general designated in writing by the Attorney General, or the district attorney, or an assistant district attorney designated in writing by the district attorney, of the county wherein the interception is to be made, has reviewed the facts and is satisfied that the consent is voluntary and has given prior approval for the interception . . . .

[14] Clymer's issues include failure to address outrageous government conduct, failure to properly brief issues on appeal, and failure to appeal an illegal sentence.

would be illegal, no grounds remain on which this Court could grant his writ of habeas corpus.  I will

enter an appropriate order.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


RAOUL BARRIE CLYMER           :           CIVIL ACTION
                              :
        v.                    :           NO. 03-3563
                              :
DIRECTOR MARSHA COMBINE et al.  :


## ORDER


And now this 30th day of November, 2005, upon careful and independent consideration of the

petition for a writ of habeas corpus, it is hereby ORDERED that:

1. The Report and Recommendation is ADOPTED on other grounds.

2.  Petitioner's Petition for Writ of Habeas Corpus is DISMISSED.

3. Petitioner's objections are OVERRULED.

4. No certificate of appealability shall issue.


BY THE COURT:


_____
                                    Juan R. Sánchez, J.
_____

18